OPINION
{¶ 1} Defendant-appellant S.C. appeals from his adjudication as a juvenile traffic offender by reason of violating a Tipp City municipal traffic ordinance. S.C. challenges the adjudication on the grounds that the City failed to prove an essential element of the offense, that the trial court erred in failing to make an immediate ruling on his motion for acquittal, and that the adjudication is not supported by the evidence.
 {¶ 2} From our review of the record, we conclude that the trial court did not err in allowing itself time to consider S.C.'s motion for acquittal, because it disposed of the motion before S.C. was required to present his defense. We further conclude that the State provided evidence sufficient to demonstrate the essential elements of the violation and that the adjudication is not against the weight of the evidence. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} S.C. was issued a citation by Tipp City Police Officer Bruce Mancz for being a juvenile traffic offender for failing to stop for a red traffic signal in violation of Tipp City Ordinance § 70.12. An adjudicatory hearing was held before a magistrate. Following the conclusion of the State's case, S.C. moved for a judgment of acquittal on the basis that the State did not present sufficient evidence to support a conviction. The magistrate took the motion under advisement, ordered the parties to submit memoranda on the issue, and continued the hearing. The magistrate subsequently overruled the motion, and the adjudicatory hearing proceeded with S.C.'s presentation of evidence.
 {¶ 4} Following the hearing, the magistrate filed a decision finding S.C. to be a juvenile traffic offender, as charged. S.C. filed objections to the magistrate's decision, but these were overruled by the trial court, which adopted the decision of the magistrate. From his adjudication as a juvenile traffic offender, S.C. appeals.
 II {¶ 5} S.C.'s First Assignment of Error is as follows:
 {¶ 6} "The trial court erred in failing to grant the defendant's motion for judgment of acquittal made pursuant to rule 29(a) of the ohio rules of criminal procedure."
 {¶ 7} S.C. contends that the trial court erred when it failed to make an immediate determination regarding the merits of his motion for acquittal. He also contends that the trial court erred by denying his motion, because the State did not produce evidence sufficient to support his adjudication as a juvenile traffic offender.
 {¶ 8} Crim.R. 29(A) governs motions for acquittal. It provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} In this case, S.C. first argues that the trial court erred by failing to rule immediately on his motion for acquittal. However, he acknowledges that he was not required to present his case prior to receiving a ruling on the motion, and at oral argument, counsel admitted that S.C. was not prejudiced by the magistrate's having taken the matter under advisement, with written submissions of law from the parties, without making an immediate ruling on the motion. Thus, even were we to find error, which we do not, we would conclude that it was harmless.
 {¶ 10} The portion of the Rule upon which S.C. relies is the last sentence of Crim.R. 29(A), which provides that: "The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." The evident purpose behind this requirement is to avoid forcing a defendant, when the State has failed to meet its burden of proof in its case-in-chief, to present his own evidence, and thereby risk introducing incriminating evidence that might fill a gap in the State's proof, before obtaining the remedy of acquittal to which the defendant is entitled. Where, as here, a motion for a judgment of acquittal makes out a debatable proposition of law, we consider it salutary for a trial court to continue the hearing, solicit legal memoranda from the parties, and possibly conduct its own legal research, so long as a ruling on the motion is made before the hearing is allowed to proceed. So long as a ruling on the motion is made before the trial court resumes the evidentiary hearing, we do not consider that the trial court has "reserved ruling" on the motion within the contemplation of the Rule.
 {¶ 11} The controlling issue in this Assignment of Error is whether the State adduced evidence at trial sufficient to support the finding that S.C. failed to stop at a red light. Tipp City Ordinance § 70.12, the ordinance that S.C. was found to have violated, provides in pertinent part as follows:
 {¶ 12} "(A) No pedestrian or driver of a vehicle shall disobey the instructions of any traffic-control device placed in accordance with the provisions of this traffic code * * *".
 {¶ 13} There is evidence in the record, in the form of testimony from Officer Mancz, to support a finding that S.C. went through the traffic light while it was red. This evidence supports a finding that a traffic violation occurred. The issue raised by S.C. is whether the State failed to produce evidence demonstrating that the stoplight was placed in accordance with the provisions of the Tipp City traffic code. Specifically, he contends that the State failed to show that the City complied with Tipp City Ordinance § 70.10, which states: "(A) The chief of police, after first obtaining the approval of the city manager, shall erect such traffic signs and traffic control devices as he may, from time to time, deem necessary for the regulation of traffic."
 {¶ 14} This issue has been addressed in City of Akron v.Cook (1990), 67 Ohio App. 3d 640, wherein the court stated:
 {¶ 15} "We first note that it has been held that in absence of evidence to the contrary, public officials, administrative officers, and public authorities, within the limits of the jurisdiction conferred upon them by law, will be presumed to have properly performed their duties in a regular and lawful manner and not to have acted illegally or unlawfully. State, ex. rel.Speeth, v. Carney (1955), 163 Ohio St. 159, 56 O.O. 194,126 N.E.2d 449, paragraph ten of the syllabus. * * * We also note that it is a crime to place an unauthorized traffic control device. R.C. 4511.16. * * *
 {¶ 16} "Accordingly, we hold that when it has been established that a traffic control device exists, a permissive inference arises that such device was placed pursuant to lawful authority. See, generally, 1 Weinstein's Evidence (1989), Section 303." Id. at 643.
 {¶ 17} In this case, the State presented evidence in the form of testimony from Officer Mancz regarding the existence of the traffic light. Photographs of the light were also introduced. The record demonstrates that the subject traffic light exists, and that no one disputes that fact. Based upon the holding in Cook,
supra, which we approve and follow, we conclude that this evidence created a permissive inference that the light was placed in accordance with the Tipp City ordinance. S.C. did not present any evidence to the contrary. Thus, we find that there was sufficient evidence in the record to support the conviction.
 {¶ 18} The First Assignment of Error is overruled.
 III {¶ 19} S.C.'s Second Assignment of Error is as follows:
 {¶ 20} "Appellant's adjudication of being a juvenile traffic offender for violating Section 70.12 of the codified ordinances of the city of tipp city is contrary to law and to the due process clause of the fourteenth amendment to the constitution of the united states and article i, section 16 of the ohio constitution in that there was insufficient evidence adduced to establish each and every element of the offense beyond a reasonable doubt. appellant's conviction is accordingly against the manifest weight of the evidence."
 {¶ 21} In this assignment of error, S.C. contends that the evidence presented by the State does not support his conviction. S.C. appears to raise both a manifest weight of the evidence argument as well as a sufficiency of the evidence argument. However, since we have addressed the issue of sufficiency in Part II above, we will treat this assignment of error as one regarding the weight of the evidence.
 {¶ 22} In determining whether a judgment is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice" that there must be a reversal of the judgment and an order for a new trial. Pryor v. Tooson, Clark App. No. 2002-CA-91, 2003-Ohio-2402, at ¶¶ 29, citations omitted. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Const. Co. (1978), 54 Ohio St.2d 279, 280, citations omitted.
 {¶ 23} In this case, S.C. bases his argument on his claim that Officer Mancz "testified inconsistently about the events in question" when he testified regarding when he noticed the traffic light turn red and whether it was raining at the time.
 {¶ 24} From our review of the record, we conclude that Officer Mancz testified that the subject traffic light was red when S.C. entered the intersection. Mancz testified that it was not raining and noted that the citation indicated dry weather conditions at the time it was issued. S.C. and another defense witness, Tiffany Dick, testified that the light was yellow when S.C.'s vehicle entered the intersection. They also testified that it was raining at the time the citation was issued. On cross-examination, Dick testified that she and S.C. were good friends.
 {¶ 25} Although Mancz's testimony conflicts with the testimony of S.C. and Dick, it is primarily for the finder of fact, who has seen and heard the witnesses, to resolve conflicts in their testimony. State v. Lawson (August 22, 1997), Montgomery App. No. 16288. In the case before us, we see nothing inherently incredible in Officer Mancz's testimony, nor do we see any compelling reason to second-guess the trial court's decision to credit his testimony in preference to the testimony of S.C. and Dick.
 {¶ 26} After reviewing the entire record, we conclude that there is evidence upon which a reasonable juror could find that S.C. ran a red light. Therefore, we conclude that the S.C.'s adjudication as a traffic offender is not against the manifest weight of the evidence.
 IV {¶ 27} Both of S.C.'s assignments of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Grady, JJ., concur.